IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,       **No.**

    v.

BRUCE D. HOPFENGARDNER,

                Defendant.

## PLEA AGREEMENT

The Criminal Division of the United States Department of Justice ("Government") and Defendant Bruce D. Hopfengardner, after consulting with his attorney, hereby agree and enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

### Plea and Maximum Sentence

1. The Defendant will plead guilty to a two-count Information charging that in Count 1 he unlawfully, willfully, and knowingly conspired, combined, confederated and agreed with other individuals known and unknown to commit wire fraud in violation of Title 18, United States Code, Sections 371 and 1343; and in Count 2 the Defendant unlawfully, willfully, and knowingly conspired, combined, confederated and agreed with other individuals known and unknown to commit money laundering in violation of Title 18, United States Code, Sections 1956(h), 1956(a) and 1957 by:

    a. conducting and attempting to conduct a financial transaction, affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, wire fraud (18 U.S.C. § 1343), with the intent to promote the

carrying on of such specified unlawful activity, in violation of 18 U.S.C.

§ 1956(a)(1)(A)(i);

b. causing or facilitating the transfer of a monetary instrument and funds from a

place outside the United States to and through a place inside the United States with

the intent to promote the carrying on of specified unlawful activity, namely wire

fraud (18 U.S.C. §1343) in violation of 18 U.S.C. § 1956(a)(2)(A); and

c. engaging or attempting to engage in monetary transactions, by, through or to a

financial institution, in criminally derived property that was of a value greater than

$10,000, in violation of 18 U.S.C. § 1957.

Once the said pleas of guilty are entered and not withdrawn, the Government agrees not

to charge Defendant with any additional related criminal conduct that he truthfully

discloses to the Government during debriefings or testimony, as provided in this Plea

Agreement. In addition, once the said pleas of guilty are entered and not withdrawn, the

Government also agrees not to charge Defendant's spouse for conduct related to

Defendant's criminal activity charged herein or activity truthfully disclosed to the

Government during debriefings or testimony as provided in this Plea Agreement.

    2.    The Defendant understands that the maximum penalty that may be imposed

pursuant to his plea of guilty to Count 1 is a term of imprisonment of five (5) years, a fine

of $250,000, three (3) years of supervised release, together with the costs of prosecution

and a mandatory special assessment of $100.00. The maximum penalty which may be

imposed pursuant to his plea of guilty to Count 2 is a term of imprisonment of twenty

(20) years, a fine of $500,000, three (3) years of supervised release, together with the

-2-

costs of prosecution and a mandatory special assessment of $100.00. The Defendant further understands that the United States Sentencing Guidelines apply to this case, and that the sentence imposed thereunder is within the sole discretion of the Court.

3. Prior to or at the time of sentencing, Defendant shall pay a special assessment of $200.00 pursuant to 18 U.S.C. § 3013. This payment shall be made to the United States District Court, at the Clerk's Office, 3rd and Constitution Ave., N.W., Washington, DC 20001. Defendant shall provide to the government a receipt or other evidence of payment at the time of sentencing.

## Advice of Rights

4. Defendant, having been advised of his constitutional rights, including his right to a trial by jury, his right to confront and cross-examine witnesses against him, his right to testify if he so chooses and to call witnesses on his behalf, his right to be represented by an attorney at every stage of the proceedings against him, and his privilege against self-incrimination, knowingly and voluntarily waives these rights and privileges and agrees to enter a plea of guilty as set forth in paragraph one of this Plea Agreement. Defendant further acknowledges that his pleas of guilty are not being entered as a result of force or coercion, but because he is guilty, and he is willing to accept responsibility for his actions.

## Sentencing Guidelines and Sentencing Factors

5. The Defendant agrees and understands that his sentence will be determined and imposed in accordance with the United States Sentencing Guidelines. The Defendant waives any rights to have the facts that determine his offense level under the Guidelines

-3-

(including facts that support any specific offense characteristic of other enhancement or adjustment) alleged in an indictment and found by a jury beyond a reasonable doubt. The Defendant further agrees that the facts that determine his offense level will be found by the Court at sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay. Further, the Defendant agrees to waive all constitutional challenges to the validity of the U.S. Sentencing Guidelines. The Defendant is aware that the Government is obligated to advise the Court and the United States Probation Office of all information relevant to sentencing, including, but not limited to, all criminal activity and/or relevant conduct engaged in by Defendant. Such information shall be used to calculate the Sentencing Guideline range applicable to Defendant. Defendant is further aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offenses to which Defendant pleads guilty. Defendant acknowledges that the Court has not yet determined a sentence and that any estimate of a probable sentencing range under the guidelines that Defendant may have received, or may receive in the future, from his counsel, the Government, or the Probation Office is a prediction, not a promise, and it is not binding on the Government, the Probation Office or the Court. The United States makes no promise or representation concerning the sentence that Defendant will receive, and Defendant cannot withdraw a guilty plea based on the actual sentence. The parties understand that the final determination concerning sentencing rests within the sole discretion of the Court.

6.    Each party understands that both the Government and Defendant may fully participate in the process of the presentence investigation and may take any position consistent with the specific terms of this Plea Agreement on the issues related to the facts upon which the sentencing decision may rest as well as the proper application of the Sentencing Guidelines to those facts.

7.    The Defendant understands that the Court is not a party to and is not bound by this Plea Agreement or any recommendations or stipulations contained herein, including any stipulations to which the parties may agree. Thus, the Court is free to impose upon Defendant any sentence up to and including the maximum sentence allowed by law. Further, if the Court imposes a sentence with which Defendant is not satisfied, he will not be permitted to withdraw any guilty plea for that reason nor will he be permitted to withdraw his plea should the Court decline to follow any recommendations by, or stipulations of, the parties.

8.    The Government agrees that, based on information available as of the date of this Plea Agreement and subject to a satisfactory debriefing at which Defendant is truthful and fully accepts responsibility for his criminal conduct, and provided Defendant continues to accept responsibility for his criminal conduct up to and including the sentencing date, the Government will recommend a downward adjustment of two (2) levels for acceptance of responsibility under U.S.S.G. Section 3E1.1, or three (3) levels for acceptance of responsibility under U.S.S.G. Section 3E1.1 in the event it is determined that his total offense level is 16 or higher. The parties understand that this

-5-

agreement is not binding on the Court and the final determination concerning Defendant's acceptance of responsibility rests with the Court.

9.    The Government and the Defendant stipulate that the 2004 edition of the U.S. Sentencing Guidelines applies. The Government and Defendant further stipulate that as a result of Defendant's criminal conduct, including his conduct related to these offenses and relevant conduct subject to proof at the time of this Agreement, the loss for the purposes of Sections 2B1.1 and 2S1.1 exceeds $200,000 but is less than $400,000. The Government and Defendant further stipulate that the counts are grouped pursuant to 2S1.1; that the base offense level is level 19 (nineteen); that a two-point (2) enhancement applies for abuse of a position of trust in that Defendant was an officer in the U.S. Armed Forces and held a position of responsibility and discretion that facilitated the offenses of conviction; that a two-point upward adjustment applies because Defendant was convicted of an offense under 18 U.S.C. § 1956; and that the adjusted base offense level, before acceptance of responsibility, is therefore level 23 (twenty-three). The parties further stipulate that the applicable guideline range before acceptance of responsibility is 46-57 months. The parties understand that the Court is not bound by the stipulations in this paragraph.

### Agreement to Cooperate

10.    The Defendant agrees to provide truthful, complete and accurate information, and he agrees to cooperate fully with the Government. This cooperation shall include, but is not limited to, the following:

> 1.1    Defendant agrees to be fully debriefed and to attend all meetings, at his own expense, at which his presence is requested, concerning his

participation in, and knowledge of, all criminal activities.

1.2    Defendant agrees to withdraw any assertions of privilege and to provide to the Government all documents and other items or material that may be relevant to the investigation and that are in Defendant's possession, custody or control.

1.3    Defendant agrees to waive any privilege that he may have in connection with interviews of, and testimony by, attorney witnesses with information of, or related to, criminal conduct in which he participated or of which Defendant has knowledge. Such waiver does not extend to counsel who now represents Defendant, in connection with the defense of this criminal matter.

1.4    Defendant shall not reveal his cooperation, or any information derived therefrom, to any person other than his attorney of record in this criminal case without the prior consent of the Government.

1.5    Defendant agrees to testify truthfully, at his own expense, at any proceeding in the District of Columbia or elsewhere as requested by the Government.

1.6    Defendant consents to continuances of his sentence as requested by the Government.

11.    The Government agrees that, pursuant to Section 1B1.8 of the Sentencing Guidelines, no information provided by Defendant in debriefings or testimony conducted after the date of, and pursuant to, this Plea Agreement will be used against him in determining the applicable guideline range for sentencing or as a basis for an upward departure.

12.    The Defendant agrees that the Government may meet with and debrief him without the presence of his attorney, unless Defendant specifically requests his attorney's presence at such debriefings and meetings. Upon request of Defendant, the Government will endeavor to provide advance notice to counsel of the date, place and time of meetings and debriefings, it being understood that the Government's ability to provide such notice

may vary according to time constraints and other circumstances. The Government may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or rescheduling of debriefings or meetings requested by Defendant that hinder the Government's ability to prepare adequately for trials, hearings or other proceedings may adversely affect Defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be considered by the Government in its determination of whether Defendant has provided substantial assistance or otherwise complied with the letter and spirit of this Plea Agreement, and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

13.    The Government agrees to consider the nature and extent of Defendant's cooperation in determining whether he has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e). Defendant acknowledges that the determination of whether he has provided substantial assistance is a decision solely within the discretion of the Government. If the Government concludes that the Defendant has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e), the Government will file a motion for a downward departure. If such a motion is filed, the Government has the right to make a specific recommendation to the sentencing Court regarding the number of offense levels the Court should depart downward in fashioning an appropriate sentence.

## No Protection for False Statements or Future Criminal Conduct

14.   The Defendant shall at all times give complete, truthful and accurate information and testimony, and he agrees not to commit, or attempt to commit, any further crimes. Defendant understands that this Plea Agreement does not protect him from prosecution for perjury, should he testify untruthfully at any proceeding, or for making false statements in connection with interviews conducted pursuant to this agreement or any other statements or testimony on or after the date of this agreement. Nor does this agreement protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information. Further, should Defendant fail to comply with the terms and conditions set forth in this paragraph (paragraph 14) or should he fail to appear as required for sentencing, the Government's obligations under this agreement are voidable at the election of the Government, in which case Defendant and his spouse shall be subject to prosecution as if the agreement had never been made. Moreover, should it be determined that Defendant has intentionally provided false information to the Government or otherwise obstructed an investigation, the Government is released from its obligations to recommend a downward adjustment for acceptance of responsibility as well as its agreement to consider filing a motion for substantial assistance. Defendant, however, is not released from the remaining terms of this Plea Agreement and will not be allowed to withdraw his plea.

15.   Any prosecution resulting from Defendant's failure to comply with the terms of this Plea Agreement, including but not limited to any prosecution specifically referred to in paragraph 14 above, may be premised upon: (a) any statements made by Defendant

-9-

to the Government or to other law enforcement agents at any time; (b) any testimony given by Defendant before any grand jury, United States District Court or other tribunal, whether before or after the date this Plea Agreement is signed by Defendant; and (c) any leads derived from such statements or testimony. Any violations of federal criminal law that are not time-barred by the applicable statute of limitations on the date this Plea Agreement is signed by Defendant may be charged against Defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitation between the signing of this Plea Agreement and the commencement of any such prosecutions. Furthermore, Defendant expressly waives all claims under the United States Constitution, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal statute or rule, that statements made by him at any time or any leads derived therefrom, should be suppressed.

### Venue

16.    Defendant agrees that venue is properly based in the U.S. District Court for the District of Columbia based upon extraterritorial acts in Iraq, pursuant to 18 U.S.C. § 3238. Further, to the extent that Defendant or his co-conspirators committed acts within the United States but within a district other than the District of Columbia, Defendant agrees to waive venue regarding such acts and knowingly consents to venue in the U.S. District Court for the District of Columbia.

### Defendant is not a Prevailing Party

17.    By virtue of Defendant pleading guilty, he acknowledges that he is not a "prevailing party" within the meaning of the Hyde Amendment, Section 617, Public Law.

-10-

No.105-119 (Nov. 26, 1997), codified at 18 U.S.C. § 3006A, for any other federal crimes, and he expressly waives his right to sue the United States under the Hyde Amendment. Defendant further waives any right to additional disclosure from the Government in connection with his guilty pleas.

### Waiver of Right to Appeal

18.    The Defendant, recognizing that in limited circumstances he could have the right to appeal the sentence imposed, hereby knowingly, voluntarily and expressly waives the right to appeal his sentence on any ground, including an appeal right conferred by 18 U.S.C. § 3742. Such waiver is limited to the extent appellate rights are preserved under state ethics laws, such as in the case of allegations of ineffective assistance of counsel or prosecutorial misconduct. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal any punishment in excess of the statutory maximum or any punishment to the extent it constitutes an upward departure from guideline range deemed applicable by the sentencing Court. This Plea Agreement does not affect or alter the Government's rights and duties as set forth in 18 U.S.C. § 3742(b).

### Right of Allocution

19.    Both the Government and Defendant reserve the right of allocution at the time of sentencing.

## Non-binding on non-parties

20.    This Plea Agreement does not bind any federal, state or local prosecuting authority other than the Government, as defined in paragraph 1, and it does not prohibit the Government from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Defendant.

## Forfeiture

21. In connection with this Plea Agreement, the Defendant agrees to forfeit to the United States the following specific property, which represents proceeds of the offenses to which he has plead guilty:

      a.      One Yukon Denali, VIN 1GKEK63U94J265120;

      b.      One Harley Davidson motorcycle, VIN 1HD1FCW3X4Y629311, valued at approximately $23,000.00;

      c.      One Toshiba Satellite Model P25-S509 laptop computer, valued at approximately $1,800.00;

      d.      One Breitling watch, valued at approximately $5,700.00; and

      e.      The sum of $144,500.00.

22. Defendant agrees to enter into a consent order of forfeiture against him in the amount of $144,500.00. The Defendant knowingly and voluntarily waives his right to a jury trial on the Forfeiture Judgment and its payment, and further waives all legal, equitable and constitutional defenses to the forfeiture, including, but not limited to, those defenses, if any, based on the Ex Post Facto clause of the U.S. Constitution. The Defendant agrees to fully assist the Government in effectuating the payment of the Forfeiture Judgment. The Defendant acknowledges that the Forfeiture Judgment is

subject to payment as a result of his criminal violations alleged in the Information. The
Defendant further agrees not to file a claim or assist others to file a claim in any ancillary
administrative or judicial proceeding relating to the Forfeiture Judgment, and any assets
used to satisfy the Forfeiture Judgment.

23. The Forfeiture Judgment, $144,500.00, shall be paid to the Government before
Defendant's sentencing. This period may be extended by the Department of Justice in its
sole discretion. If any or all payments are not made by the Defendant pursuant to the
terms of this agreement, the Defendant consents to the forfeiture of any other property of
said Defendant up to the amount of the Forfeiture Judgment.

24. Defendant agrees to hold the United States, its agents and employees harmless
from any claims whatsoever in connection with the seizure or forfeiture of property
covered by this Agreement.

25. Defendant acknowledges that he understands that the forfeiture of assets is
part of the sentence that may be imposed in this case, consents to the announcement of
the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and
waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the
time his guilty plea is accepted.

26. The Defendant agrees to take all steps as requested by the United States to
pass clear title to forfeitable assets to the United States, and to testify truthfully in any
judicial forfeiture proceeding. Defendant acknowledges that all property covered by this
agreement is subject to forfeiture as proceeds of illegal conduct or property involved in
illegal conduct giving rise to forfeiture.

### Obligation to file amended tax returns

27. Defendant agrees that, prior to sentencing, he will file truthful amended joint tax returns accurately reporting as income the proceeds of unlawful activity that he received. Further, Defendant agrees to pay any and all tax due on such income prior to sentencing. Defendant waives any privacy rights or other protections pursuant to 26 U.S.C. § 6103 and consents to the disclosure of information related to this matter, including that which may be protected under Rule 6(e) of the Federal Rules of Criminal Procedure, to the Examination or Collection Divisions of the Internal Revenue Service.

### No Additional Agreements

28. No promises, agreements, or conditions have been entered into other than those expressly set forth in this Plea Agreement, and none shall be entered into and/or are binding upon Defendant and the Government unless expressly set forth in writing, signed by all parties and physically attached to this Plea Agreement. This Plea Agreement supersedes any prior promises, agreements or conditions between the Government and Defendant.

-14-

## Acknowledgments

### The Defendant

I, Bruce D. Hoffenmaier hereby expressly acknowledge the following: (1) that I have read this entire Plea Agreement; (2) that I have had an opportunity to discuss this Plea Agreement fully and freely with my attorney; (3) that I fully and completely understand each and every one of its terms; (4) that I am fully satisfied with the advice and representation provided to me by my attorney; and (5) that I have signed this Plea Agreement voluntarily.

7 OCT 05
DATE

Name

### Counsel for the Defendant

I, John Perez III the attorney for defendant hereby expressly acknowledge the following: (1) that I have discussed this Plea Agreement with my client; (2) that I have fully explained each one of its terms to my client; (3) that I have fully answered each and every question put to me by my client regarding the Plea Agreement; and (4) in my opinion, my client completely understands the letter and spirit of all of the Plea Agreement's terms.

10/7/05
DATE

Name, Esq.

### On Behalf of the Government

RICHARD WEBER
CHIEF, ASSET FORFEITURE AND
MONEY LAUNDERING SECTION

NOEL HILLMAN
CHIEF, PUBLIC INTEGRITY SECTION

10/7/05
DATE

By:    Mark J. Yost
       Patrick T. Murphy
       Trial Attorneys
       Criminal Division
       Asset Forfeiture and Money Laundering Section

       James Crowell IV
       Trial Attorney
       Criminal Division
       Public Integrity Section

-15-