UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR. No. 06-204 (CKK) |
| | ) | |
| BRUCE D. HOPFENGARDNER | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR
ENTRY OF AN ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits this Motion for an Order of Forfeiture in the form of a personal money judgment in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. On October 7, 2005, the defendant, Bruce D. Hopfengardner entered into a Plea Agreement with the United States in which he agreed to plead guilty to a two count Information. Count 1 charged that the defendant engaged in conspiracy in violation of 18 U.S.C. § 371; Count 2 charged money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

2. Defendant entered his guilty plea to the Information on August 25, 2006.

3. In connection with defendant's Plea Agreement, he agreed to the entry of a money judgment against him in an amount "not less than $144,500, representing the proceeds of the conspiracy charged in Count 1 and the property involved in the conspiracy charged in Count 2 of the Information."

4.	The following property of Defendant is subject currently to restraint or otherwise held by or subject to the control of the United States:

a. One Yukon Denali, VIN 1GKEK63U04J244320;

b. One Harley Davidson motorcycle, VIN 1 HD1 FCW3X4Y6293 11;

c. One Toshiba Satellite Model P25-S509 laptop computer; and

d. One Breitling watch bearing the identification number E56321;

e. $22,400.00 in U.S. currency;

f. $3,121.77 located within Schwab Acct 91393887; and

g. $41.33 located within Exchange Bank Accounts 171009004 and 1750077160.

h.	Various camera equipment, including:

i.	One Canon EF 600 mm f/4 lens;

ii.	One Canon EOS 10D;

iii.	One Canon EF 28-135mm f/3.5-5.6 USM lens;

iv.	One Canon EF 16-35mm f2.8L USM lens;

v.	One Canon 100-400mm f/4.5-5.6L EF IS lens;

vi.	One Canon Extender EF 2X II;

vii.	One Canon EF 50mm f/2.5 Compact Macro Autofocus lens;

viii.	One CanonMacro Ring Lite MR-14EX;

ix.	One Canon Speedlite 550EX;

x.	One Canon CAPS400 Compact Power Adapter USA; and

xi.	One Canon Remote Switch RS-80N3.

5. In addition, the Information sought forfeiture of substitute property, up to the value of the amount involved in the crimes of which defendant was convicted, if any of the specifically identified property became unavailable.

6. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), which provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" is subject to forfeiture to the United States, and 28 U.S.C. § 2461(c), which provides that where "forfeiture of property is authorized in connection with a violation of an Act of Congress . . . but no specific statutory provision is made for criminal forfeiture" the Government may seek forfeiture in a criminal case and, "upon conviction, the court shall order the forfeiture of the property."

7. The Court further has jurisdiction predicated upon 18 U.S.C. § 982(a)(1), which provides that "any property, reap or personal, involved in" a violation of 18 U.S.C. §§ 1956 or 1957, "or any property traceable to such property" is subject to forfeiture to the United States.

8. Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, provides, in relevant part, that "[i]f the government seeks a personal money judgment against the defendant, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement."

9. Defendant has consented to the entry of necessary orders of forfeiture in connection with the Plea Agreement.

10. With respect to the money judgment in the amount of $144,500, the Government seeks entry of an Order of Forfeiture in the form of a personal money judgment. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule

32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.  See <u>United States v. Baker</u>, 227 F.3d 955 (7th Cir. 2000) (forfeiture order may include money judgment for amount of money involved in money laundering offense); <u>United States v. Voigt</u>, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (Government entitled to personal money judgment equal to amount of money involved in money laundering offense); <u>United States v. Navarro-Ordas</u>, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against defendant for amount of illegally obtained proceeds).

11.    When a money judgment is entered against a defendant, the Court may order forfeiture of specific property of the defendant, having a value up to the amount of the money judgment, in satisfaction of the money judgment.  Fed. R. Crim. Pro. 32.2(e)(1)(B); <u>see</u> <u>United States v. Davis</u>, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to offense, it can be forfeited as substitute asset and used to satisfy money judgment); <u>United States v. Numisgroup Intl. Corp</u>, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy money judgment, including judgment based on value of missing proceeds and value of missing facilitating property).

12.    All defendants in a criminal scheme are jointly and severally liable to pay a forfeiture judgment equal to the total proceeds of the scheme.  <u>See</u>, <u>e.g.</u>, <u>United States v. Spano</u>, 421 F.3d 599, 603 (7th Cir. 2005) (all co-conspirators liable regardless of how much or how little they benefited); <u>United States v. Edwards</u>, 303 F.3d 606, 643-44 (5th Cir. 2002) (defendant liable to pay money judgment for value of foreseeable proceeds obtained by others in scheme); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19 (1st Cir. 1999) (recognizing that even minor participants jointly and severally liable for full amount of proceeds).

13. Certain assets relevant to satisfaction of the joint and several liability noted above have been recovered in connection with <u>United States v. Robert J. Stein, Jr.</u>, No 06-16 and <u>United States v. Philip Bloom</u>, No. 06-53. Pursuant to Court Order, the amounts recovered in connection with the instant case will be applied to the $3.6 million money judgment assessed in the two cases referenced immediately above.

WHEREFORE, the United States respectfully requests that this Court enter the attached proposed Order of Forfeiture against the defendant, Bruce Hopfengardner.

    Respectfully submitted,

    WILLIAM WELCH II
    Chief, Public Integrity Section


    ANN C. BRICKLEY
    PATRICK T. MURPHY

    Trial Attorneys
    U.S. Department of Justice
    Criminal Division
    1400 New York Ave., NW
    Washington, DC 20530
    (202) 514-1412
    Ann.brickley@usdoj.gov
    Patrick.murphy@usdoj.gov

Dated: June 21st, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing motion and proposed order were served this

21st day of June, 2007 on the following counsel:

>John Perazich, Esq.
>1835 Irving Street, N.W.
>Washington, DC 20010-2614

Attorney for Defendant Bruce Hopfengardner

_____/S/_____
Ann C. Brickley

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR. No. 06-204 (CKK) |
| | ) | |
| BRUCE D. HOPFENGARDNER, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violations.

2. As a result of the guilty plea on Count 2 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States all property involved in such violations.

3. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982, as well as 18 U.S.C. § 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses:

    a. One Yukon Denali, VIN 1GKEK63U04J244320;

    b. One Harley Davidson motorcycle, VIN 1 HD1 FCW3X4Y6293 11;

    c. One Toshiba Satellite Model P25-S509 laptop computer;

    d. One Breitling watch bearing the identification number E56321;

    e. $22,400.00 in U.S. currency;

    f. $3,121.77 located within Schwab Acct 91393887; and

    g. $41.33 located within Exchange Bank Accounts 171009004 and 1750077160; and

    h. Various camera equipment, including:

        i. One Canon EF 600 mm f/4 lens;

        ii. One Canon EOS 10D;

        iii. One Canon EF 28-135mm f/3.5-5.6 USM lens;

        iv. One Canon EF 16-35mm f2.8L USM lens;

        v. One Canon 100-400mm f/4.5-5.6L EF IS lens;

        vi. One Canon Extender EF 2X II;

        vii. One Canon EF 50mm f/2.5 Compact Macro Autofocus lens;

        viii. One Canon Macro Ring Lite MR-14EX;

        ix. One Canon Speedlite 550EX;

        x. One Canon CAPS400 Compact Power Adapter USA; and

        xi. One Canon Remote Switch RS-80N3.

4. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable,

provide written notice to any person known to have an alleged interest in the Subject Property.

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

6. The Court has further determined that the Defendant shall forfeit to the United States the sum of $144,500.00 pursuant to Title 18, United States Code, § 981 and Title 28, United States Code § 2461, and Title 18, United States Code § 982. This amount is to be satisfied, in part, by the items identified above that are currently under the custody and control of the United States:

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or

       interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward four certified copies of this order to Ann C. Brickley, Trial Attorney, Public Integrity Section, U.S. Department of Justice.

SO ORDERED:
Dated:

                                              _____
                                              HON. COLLEEN KOLLAR-KOTELLY
                                              UNITED STATES DISTRICT JUDGE