UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    CR. No. 06-204 (CKK)
                                 )
BRUCE D. HOPFENGARDNER,          )    FILED
                                 )
          Defendant.             )    JUN 2 5 2007

                                      NANCY MAYER WHITTINGTON, CLERK
                                              U.S. DISTRICT COURT

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violations.

2. As a result of the guilty plea on Count 2 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States all property involved in such violations.

3. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982, as well as 18 U.S.C. § 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses:

7

a. One Yukon Denali, VIN 1GKEK63U04J244320;

b. One Harley Davidson motorcycle, VIN 1 HD1 FCW3X4Y6293 11;

c. One Toshiba Satellite Model P25-S509 laptop computer;

d. One Breitling watch bearing the identification number E56321;

e. $22,400.00 in U.S. currency;

f. $3,121.77 located within Schwab Acct 91393887; and

g. $41.33 located within Exchange Bank Accounts 171009004 and 1750077160; and

h. Various camera equipment, including:

    i. One Canon EF 600 mm f/4 lens;

    ii. One Canon EOS 10D;

    iii. One Canon EF 28-135mm f/3.5-5.6 USM lens;

    iv. One Canon EF 16-35mm f2.8L USM lens;

    v. One Canon 100-400mm f/4.5-5.6L EF IS lens;

    vi. One Canon Extender EF 2X II;

    vii. One Canon EF 50mm f/2.5 Compact Macro Autofocus lens;

    viii. One Canon Macro Ring Lite MR-14EX;

    ix. One Canon Speedlite 550EX;

    x. One Canon CAPS400 Compact Power Adapter USA; and

    xi. One Canon Remote Switch RS-80N3.

4. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable,

        provide written notice to any person known to have an alleged interest in the Subject Property.

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

6. The Court has further determined that the Defendant shall forfeit to the United States the sum of $144,500.00 pursuant to Title 18, United States Code, § 981 and Title 28, United States Code § 2461, and Title 18, United States Code § 982. This amount is to be satisfied, in part, by the items identified above that are currently under the custody and control of the United States:

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or

       interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward four certified copies of this order to Ann C. Brickley, Trial Attorney, Public Integrity Section, U.S. Department of Justice.

SO ORDERED:
Dated:

June 23, 2007

                                            HON. COLLEEN KOLLAR-KOTELLY
                                            UNITED STATES DISTRICT JUDGE