HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Docket No.: <u>06-CR-204</u> |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| **HOPFENGARDNER, Bruce** | : | Disclosure Date: <u>November 3, 2006</u> |

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
    (✓)  There are no material/factual inaccuracies therein.
    ( )  There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____       11/24/06 _____
Prosecuting Attorney                                        Date

#### For the Defendant

(CHECK APPROPRIATE BOX)
    (✓)  There are no material/factual inaccuracies therein.
    ( )  There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 11/8/06      _____ 11/8/06
Defendant                   Date            Defense Counsel              Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **November 17, 2006**, to U.S. Probation Officer **Kelli Cave**, telephone number **(202) 565-1357**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:     Gennine A. Hagar, Acting Chief
         United States Probation Officer

**Receipt and Acknowledgment**             **Page 2**

No objections. Clarifications and suggestions per attached letter

Signed by: _____ CRIM DIVISION
(Defendant/Defense Attorney/AUSA)

Date: 11/24/06



U.S. Department of Justice

Criminal Division

*Washington, D.C. 20530*

November 24, 2006

Kelli Griffin Cave
U.S. Probation Officer
U.S. Probation Office
333 Constitution Ave., Suite 2800
Washington, DC 20001

Re: <u>United States v. Hopfengardner</u>, No. 06-204 (CKK)

Dear Ms. Cave:

We have reviewed the initial Presentence Investigation Report (PSI) and have no objections. We do have several clarifications and suggestions for your consideration.

¶4. We recommend deleting the phrase "and other agreements" in the first sentence of this paragraph. There is only one agreement – the Plea Agreement. We further recommend inserting the phrase "<u>and in consideration for the truthful disclosure of criminal conduct</u>." This captures the terms of the only agreement with Defendant Hopfengardner. (See paragraph 2 of the Plea Agreement).

¶4. We recommend adding the following phrase to the second sentence: Further, <u>provided that Defendant continues to accept responsibility for his criminal conduct up to and through the sentencing date</u>, the Government will recommend ....". (See para 8 of the Plea Agreement). We also suggest that this paragraph mention that the Plea Agreement requires Defendant to cooperate truthfully and, if it determines his cooperation rises to the level of substantial assistance, the Government will file a motion for a downward departure. (See paragraphs 10 (obligation to cooperate), 13 (potential for downward departure due to substantial assistance) and 14 (government's obligation to move for downward departure voidable if Defendant is untruthful)). We are presently assessing whether Defendant Hopfengardner has been truthful with us during the course of interviews related to his cooperation.

¶26. We recommend amending the first sentence of this paragraph, consistent with our suggestion for paragraph 4 above: "<u>Provided that Defendant continues to accept responsibility for his criminal conduct up to and through the sentencing date</u>, the Government <u>agrees</u> ~~agreed~~ ....". (See para 8 of the Plea Agreement).

¶30. There is a minor typo in the first sentence. We recommend deleting the words "from the."

¶63 We recommend inserting the following summary to fully describe Defendant's service in Iraq: "In April 2004, the Coalition Provisional Authority (CPA) in Baghdad decided to terminate Defendant Hopfengardner from his duties with the CPA because of concerns raised by the Ministry of Interior and the International Police Advisors that he had impeded progress in the execution of the national police program in Iraq including, among other things, construction of the police academy in Hillah. This was the same police academy to which Hopfengardner and others steered contracts to Phil Bloom. Defendant Hopfengardner and his supervisor objected to the termination, but the decision was reviewed at the highest levels of the CPA and upheld. While Defendant Hopfengardner was removed from any duties involving law enforcement work in Hillah in or about April 2004, the Regional Coordinator for CPA-SC requested that Hopfengardner remain in Hillah and be assigned to other non-law enforcement duties, his request was approved and Hopfengardner performed those duties until he departed Iraq in June 2004."

¶¶70-80. We are presently assessing the Defendant's financial situation with respect to his ability to pay a fine. We are scheduled to interview Defendant Hopfengardner again on December 1, 2006.

¶100. We recommend deletion of paragraph 100, because, contrary to the suggestion in the paragraph, the obligation to pay restitution (mandatory under 18 U.S.C. § 3663A) is not related to the authority for forfeiture. While the Defendant agreed to the forfeiture of property involved in the conspiracy, as provided in the Plea Agreement, mandatory restitution to the victims is based on the statute. The fact that the Plea Agreement does not include his agreement to pay restitution is legally irrelevant. In addition, this paragraph suggests that there may be complex issues of fact which allow the Court to decline to enter an order of restitution. The law does, of course, allow for such a determination, but we respectfully disagree that such conditions are present in this matter. There are only two known victims in the case – the U.S. government and the People of Iraq – and the amount each is entitled to recover is based upon the types of funds that were stolen in the specific transactions. We are currently reviewing the underlying documentation and, prior to the sentencing hearing, will be in a position to provide the respective amount of the losses for each of the victims. In order to transfer forfeited assets under the Justice Department regulations and policy for "restoration," which allow use of forfeited property for this purpose, we will need a restitution order at the sentencing hearing. As drafted, this paragraph raises issues that simply do not exist and

should be deleted in its entirety.

¶101. Consistent with our comment for paragraph 100, we recommend adding in this paragraph the statement that, in addition to the property listed in paragraph 101, the Defendant agreed to a criminal forfeiture judgment in the amount of $144,500.

Please contact me at (202) 514-5616 if you have any questions.

Sincerely,

MARK J. YOST
Trial Attorney

cc: John Perazich, Esq.

3